Kebede v. Bondi

BIA
Counihan, IJ
A092 201 292

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of November, two thousand twenty-five.

PRESENT:
> JON O. NEWMAN,
> STEVEN J. MENASHI,
> MYRNA PÉREZ,
> > *Circuit Judges.*

_____

ADANE KEBEDE,
> *Petitioner,*

> v.                                                                      **24-441**
> **NAC**

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:               Aaron J. Aisen, Erie County Bar Association Volunteer Lawyers Project, Inc., Batavia, NY.

FOR RESPONDENT:            Brian Boynton, Principal Deputy Assistant Attorney General, Civil Division; Michael C. Heyse, Senior Litigation Counsel; Craig W. Kuhn, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Adane Kebede, a native and citizen of Ethiopia, seeks review of a February 22, 2024, decision of the BIA affirming a September 26, 2023, decision of an Immigration Judge ("IJ") denying his application for relief under the Convention Against Torture ("CAT"). *In re Adane Kebede,* No. A 092 201 292 (B.I.A. Feb. 22, 2024), *aff'g* No. A 092 201 292 (Immig. Ct. Batavia Sept. 26, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. DOJ*, 426 F.3d 520, 522 (2d Cir. 2005). We review factual findings for substantial evidence and questions of law and application of law to fact de novo. *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

A CAT applicant has the burden to show that he would "more likely than not" be tortured in the proposed country of removal. 8 C.F.R. §§ 1208.16(c)(2), 1208.17(a). "Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is

2

suspected of having committed, intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." *Id.* § 1208.18(a)(1).

At the same time, "[t]orture does not include pain or suffering arising only from, inherent in or incidental to lawful sanctions. Lawful sanctions include judicially imposed sanctions and other enforcement actions authorized by law … but do not include sanctions that defeat the object and purpose of the [CAT] to prohibit torture." *Id.* § 1208.18(a)(3). "In order to constitute torture, an act must be specifically intended to inflict severe physical or mental pain or suffering. An act that results in unanticipated or unintended severity of pain and suffering is not torture." *Id*. § 1208.18(a)(5). Moreover, "'torture' does not cover 'negligent acts' or harm stemming from a lack of resources." *Matter of J-R-G-P-*, 27 I. & N. Dec. 482, 484 (BIA 2018) (quoting *Matter of J-E-*, 23 I. & N. Dec. 291, 299-301 (BIA 2002)). For that reason, "detention under substandard conditions in … prisons would not constitute torture within the meaning of the [CAT]" absent evidence that authorities "are *intentionally and deliberately* creating and maintaining such prison conditions *in order to inflict torture*." *Id.* (internal quotation marks omitted); *see also Pierre v. Gonzales*, 502 F.3d 109, 118 (2d Cir. 2007) ("[T]he phrase 'specifically intended' incorporates a criminal specific intent standard.").

"[P]rison conditions might constitute torture if they cause severe pain or suffering and if circumstances indicate that the intent of the authorities in causing the severity of pain and suffering (over and above the discomforts incident to confinement in that time and place) is to illicitly discriminate, punish, coerce confessions, intimidate, or the like." *Pierre*, 502 F.3d at 121. In assessing whether an applicant has satisfied his burden of proof, the agency considers all evidence relevant to the possibility of future torture. *See* 8 C.F.R. § 1208.16(c)(3).

In this case, substantial evidence supports the agency's conclusion that any torture Kebede would experience in Ethiopia would not be intentionally inflicted

by the government. Kebede's evidence, which the IJ acknowledged, demonstrates that those with mental illness in Ethiopia face social stigma, including difficulty finding employment, and face widespread beliefs that mental illnesses are caused by supernatural forces. But Kebede fails to identify intentional conduct that rises to the level of torture, and "even suffering of the utmost severity cannot constitute torture unless it is specifically intended." *Pierre*, 502 F.3d at 121.

Kebede's expert witness, Dr. Lahra Smith, testified that Ethiopia has psychiatric medication shortages and that while there is one prison with mental health services for inmates, it is ill-equipped to handle individuals with mental health concerns. However, Dr. Smith also testified that these issues arose from overcrowding and a lack of resources; she did not testify that the government intended to cause suffering. *See id.* at 121-22 ("The failure to maintain standards of diet, hygiene, and living space in prison does not constitute torture under the CAT unless the deficits are sufficiently extreme and are inflicted intentionally rather than as a result of poverty, neglect, or incompetence.").

The agency also did not err in finding the likelihood of torture too speculative. "[A]n alien will never be able to show that he faces a more likely than not chance of torture if one link in the chain cannot be shown to be more likely than not to occur. It is the likelihood of all necessary events coming together that must more likely than not lead to torture, and a chain of events cannot be more likely than its least likely link." *Savchuk v. Mukasey*, 518 F.3d 119, 123 (2d Cir. 2008) (quoting *In re J-F-F-*, 23 I. & N. Dec. 912, 918 n.4 (A.G. 2006)). Kebede argues that (1) he will not be able to access his medicine because he lacks family connections in Ethiopia, (2) without his medicine he will likely behave in a way that will lead to his arrest and detention, (3) he will not have access to medication or treatment while detained, and (4) his untreated mental illness will cause him to say or do inflammatory things that will lead to guards attacking him or permitting other prisoners to attack him.

Substantial evidence supports the agency's conclusion that not all links in this chain of events are more likely than not to occur. *See Savchuk*, 518 F.3d at 123;

*see also Hui Lin Huang v. Holder*, 677 F.3d 130, 134 (2d Cir. 2012) ("A determination of what will occur in the future and the degree of likelihood of the occurrence has been regularly regarded as fact-finding."). "[W]hen a petitioner bears the burden of proof, his failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision." *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58 (2d Cir. 2008). The administrative record contains no evidence of violence against mentally ill prisoners or reports that the government ignores violence against mentally ill people. *See id*.

Kebede argues that the IJ erred in not considering whether his unusual behavior without medication for his mental illnesses may lead him to be attacked by prisoners or guards, but he did not allege before the agency that he would be attacked by prisoners or guards or provide evidence to support such an allegation. While his expert testified that speaking on controversial topics while in prison could lead to "danger," this testimony does not amount to a factual conclusion that Kebede would likely be tortured—and in any event does not compel the conclusion that torture would be more likely than not to occur if he were returned to Ethiopia. Our "substantial evidence review" requires the denial of a petition unless the "record evidence compelled a[] … finding different from that reached by the agency." *Quintanilla-Mejia v. Garland*, 3 F.4th 569, 593-94 (2d Cir. 2021).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court